IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE, #326-514
        Plaintiff        :

  v.        :    CIVIL ACTION NO. CCB-06-2280

WARDEN        :
        Defendant

## MEMORANDUM

The above-captioned case was filed by plaintiff on August 31, 2006. Although Plaintiff failed to submit a motion for leave to proceed in forma pauperis, the court shall grant indigency status for the purpose of initial review of the complaint. Plaintiff alleges that unnamed corrections officers and officials have improperly accused him of involvement in the recent stabbing of a corrections officer at the Maryland House of Correction and transferred him to the Maryland Correctional Adjustment Center ("MCAC"), where he is subjected to mistreatment.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2382-83 (June 22, 2006) (exhaustion of administrative remedies is mandatory and must be proper); *Porter v. Nussle*, 534 U.S. 516, 542 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Having reviewed the complaint, the court concludes that it would be appropriate in the interest of justice and to promote the speedy resolution of this action for plaintiff to demonstrate exhaustion of administrative procedures as set forth in DCD 185-001, *et seq*. The court is of the view that, in this case, the administrative procedures set forth in DCD 185-001, *et seq*., will aid the court in making factual determinations and that the delay involved will not unduly burden or prejudice plaintiff's rights. Upon submission of evidence that administrative remedies have been exhausted, plaintiff may re-file

this cause of action for the court's consideration.

Accordingly, a separate Order shall be entered granting plaintiff leave to proceed in forma pauperis, but dismissing his cause of action without prejudice to allow him to exhaust administrative remedies properly pursuant to 42 U.S.C. § 1997e.  Plaintiff may refile his action after he has exhausted his administrative remedies through the institutional (Warden) and Division of Headquarters (Commissioner) levels.


   September 12, 2006                                    /s/
Date                                                  Catherine C. Blake
                                                          United States District Judge